JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LONG BEACH AREA PEACE NETWORK, et al., | ) ) ) | NO. CV 04-08510 SJO (HHCx) |
| Plaintiffs, | ) ) ) | **ORDER DENYING SEVERABILITY OF UNCONSTITUTIONAL PROVISIONS FROM CITY ORDINANCE** |
| v. | ) ) ) | [Docket No. 43] |
| CITY OF LONG BEACH, | ) ) ) ) | |
| Defendant. | ) | |

The matter is before the Court on remand from the Ninth Circuit Court of Appeals to determine whether the four provisions found to be unconstitutional by the Ninth Circuit can be severed from the remainder of §§ 5.60, *et seq.* (the "Ordinance"). Defendant City of Long Beach ("Defendant") filed a Brief in support of severability, on September 23, 2009. Plaintiffs Long Beach Area Peace Network and Diana Mann (collectively, "Plaintiffs") filed a Brief opposing severability, on September 23, 2009. Additionally, Defendant filed a Reply to Plaintiffs' Brief on October 1, 2009, to which Plaintiffs responded on October 1, 2009. The hearing was continued from October 19, 2009 to March 15, 2010. After reading and considering all of the Briefs submitted by both parties, in addition to hearing argument provided by both parties, the Court finds that it has not

been shown that the four provisions found to be unconstitutional by the Ninth Circuit can be severed from the remainder of the Ordinance.

I.   BACKGROUND

Defendant adopted the Ordinance, codified in §§ 5.60, *et seq.* of the Long Beach Municipal Code ("LBMC"), that established a permit scheme for parades and assemblies held in the City of Long Beach. Plaintiffs filed a "facial challenge" to the Ordinance, seeking: (1) declaratory and injunctive relief; (2) compensatory damages; and (3) attorney's fees. On November 15, 2004, the Court permanently enjoined Defendant from enforcing the Ordinance on the grounds that the entire Ordinance constitutes an unconstitutional restraint on speech and assembly. Defendant subsequently appealed the Court's Order to the Ninth Circuit.

In *Long Beach Area Peace Network v. City of Long Beach,* 574 F.3d 1011 (9th Cir. 2009), the Ninth Circuit affirmed in part and reversed in part, and remanded the issue of whether the four unconstitutional provisions could be severed. The four provisions the Ninth Circuit found to be unconstitutional, and thus are those at issue with respect to severability, are as follows:[1]

1)   Section 5.60.030(A)(5) ("Spontaneous Events Provision"), which defines spontaneous events as "parades, assemblies or demonstrations involving expressive activity and which are occasioned by news or affairs coming into public knowledge within five (5) days of such parade, assembly or demonstration."

2)   Section 5.60.080(A) ("Hold-Harmless Provision"), which provides in relevant part:

[e]ach permit shall expressly provide that the permittee agrees to defend, protect, indemnify and hold the city, its officers, employees and agents free and harmless from and against any and all claims, any kind or nature whatsoever arising out of, or resulting from, the alleged acts

---

[1] For purposes of clarity and simplicity, the Court will refer to the provisions at issue by referencing their subject matter, as noted after the section number for each provision.

|     |     |     |
| --- | --- | --- |
|     |     | or omissions of permittee, its officers, agents or employees in connection with the permitted event or activity[.] |
|     | 3)  | Section 5.60.050(A) and Section 5.60.090(A) (collectively, "Fee Waiver Provisions"), provide for the imposition of a fee for a permit to hold a special event, as well as the imposition of departmental services charges for costs incurred by the City of Long Beach as a result of either special or spontaneous events. *Long Beach Peace Network,* 574 F.3d at 1041. The provisions also provide, that in its discretion, the City of Long Beach may "fund" or "waive" the permit fee and the departmental services charges. *Id.* |
|     | 4)  | Section 5.60.010(1)(3) ("Special Events Provision"), provides a third category for the term "special event" in the Ordinance, and defines "special event" as "[a]ny other organized activity involving seventy five (75) or more persons conducted by a person for a common collective use, purpose, or benefit which involves the use of, or has an impact on, public property, facilities and which may require the provision of city public services in response thereto."[2] |

The Court will address the severability of each provision separately.

## II. DISCUSSION

### A. Legal Standard for Determining Severability

"Severability of a local ordinance is a question of state law." *Long Beach Area Peace Network,* 574 F.3d at 1044 (*citing City of Lakewood v. Plain Dealer Pub. Co.,* 486 U.S. 750, 770 (1988); *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 556-57 (9th Cir. 2004).). Under California

---

[2] Prior to the Ninth Circuit's decision, Defendant promulgated a regulation, AR 8-28(IV)(A)(1)-(2) (the "Regulation"), in an attempt to narrow the definition of city public services under § 5.60.010(I)(3). As the regulation was promulgated prior to the Ninth Circuit's decision, the Ninth Circuit considered the Regulation when determining the constitutionality of §5.6010(1)(3). *See Long Beach Area Peace Network*, 574 F.3d at 1025 n.1. However, the Ninth Circuit held that the Regulation did "not sufficiently narrow the definition of city public services that may be required by an expressive event to satisfy the narrow tailoring requirement" under the First Amendment, and thus § 5.60.010(I)(3) was held unconstitutional. *Id.*

1 law, the presence of a severability clause in an ordinance is not dispositive. *See Santa Barbara*
2 *Sch. Dist. v. Super. Ct.,* 530 P.2d 605, 618 (Cal. 1975). However, while the existence of a
3 severability clause "normally calls for sustaining the valid part of the enactment," the mere
4 presence of a general severability clause cannot save an ordinance. *Id.*; *Long Beach Lesbian*
5 *& Gay Pride, Inc. v. City of Long Beach*, 17 Cal. Rptr. 2d 861, 868 (1993). Rather, even if such
6 a clause exists, severability of an invalid provision is only possible if it meets three criteria: 1) it
7 must be grammatically; 2) functionally; and 3) volitionally separable. *Legislature of the State of*
8 *Cal. v. Eu*, 816 P.2d 1309, 1335 (Cal. 1991).

9       A provision is grammatically or mechanically severable, "where the valid and invalid parts
10 can be separated by paragraph, sentence, clause, phrase, or even single words," *Santa Barbara*
11 *Sch. Dist.*, 530 P.2d at 617-18, "without affecting the operation of the remaining" provisions,
12 *Legislature of the State of Cal.*, 816 P.2d at 1335. Functional severability requires that the
13 remaining provisions must be "capable of independent application." *People v. Library One, Inc.,*
14 280 Cal. Rptr. 400, 409 (1991). An unconstitutional provision is "volitionally severable" from the
15 remainder of an ordinance if it can be shown that the valid portion is "complete in itself and would
16 have been adopted by the legislative body had . . . [it] foreseen the partial invalidity of the statute,"
17 or if the valid portion "constitutes a completely operative expression of the legislative intent . . . ."
18 *Calfarm Ins. Co. v. Deukmejian*, 771 P.2d 1247, 1255 (Cal. 1989) (internal citations omitted).
19 Therefore, if all three requirements are not met, the invalid provision is not severable, and thus
20 taints the remainder and the whole ordinance becomes a nullity. *Santa Barbara Sch. Dist,* 530
21 P.2d at 617-18.

22       B.    <u>The Unconstitutional Provisions Cannot be Severed From the Remainder of the</u>
23            <u>Ordinance</u>.
24            1.    <u>Spontaneous Speech Provision</u>

25       Defendant contends that the Spontaneous Speech Provision is severable, as the
26 Ninth Circuit did not find the definition of "Spontaneous Events" unconstitutional, "only the
27 regulation of [them]" unconstitutional. (Def.'s Brief 7:19-22.) Specifically, Defendant avers that
28 "the regulation of spontaneous events is mechanically severable in that 'valid and invalid parts can

be separated by paragraph, sentence, clause, phrase, or even single words.'" (Def.'s Brief 7:22-26, *citing Santa Barbara Sch. Dist.*, 530 P.2d at 618.) In accordance with this reasoning, Defendant argues that all subsections, (a) through (g), within § 5.60.030(A)(5) should be severed, as well as §§ 5.60.030(A) and (B), yet a portion of the definition of spontaneous event should remain. Thus, Defendant is proposing that the reconstructed version of § 5.60.030(A)(5) should read in relevant part, "[s]pontaneous parades, assemblies or demonstrations involving expressive activity and which are occasioned by news or affairs coming into public knowledge within five (5) days of such parade, assembly, or demonstration."[3] (Def.'s Brief 8:7-11.) According to Defendant, such severance exempts spontaneous speech from any permitting requirement, and preserves the remainder of the Ordinance. (*See* Def.'s Brief 8:5-8; Def.'s Reply 3:8-10.)

Plaintiffs do not dispute that the spontaneous events provision is grammatically severable, but correctly note that the analysis does not end there. (Pls.' Brief 3:21-22.) Rather, the Court must determine if the provision is functionally and volitionally severable from the remainder of the Ordinance. *See Legislature of the State of Cal.*, 816 P.2d at 1335.

In order "to comport with the First Amendment, a permitting ordinance must provide some alternative for expression concerning fast-breaking events." *Long Beach Peace Network,* 574 F.3d at 1038, *quoting Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1047 (9th Cir. 2006). Defendant's reconstructed version of the spontaneous event provision effectively eliminates any and all regulation of expressive events that are responsive to fast-breaking events. The Ordinance would merely exempt such events from the special events permit requirements, and would allow any expressive parade, assembly, or demonstration in response to fast-breaking news to proceed without notice, regulation, or concern that provides the basis of the substantial permit requirements for non-spontaneous events. The Court cannot agree that Defendant has shown that the Long Beach City Council would have adopted such a broad exemption for

---

[3] In Defendant's Brief opposing severability, Defendant included § 5.60.030 as it was originally written, and attempted to excise subsections (a) through (g) in order to indicate that the "spontaneous event regulations can properly be severed from [the Ordinance] . . . ." (Def.'s Brief 8:1-27.)

spontaneous events, as the one Defendant is proposing to create by severing the unconstitutional portions of § 5.60.030(A)(5). Thus, the Spontaneous Speech Provision is not volitionally severable from the remainder of the Ordinance. *See Calfarm Ins. Co.*, 771 P.2d at 1255.

Additionally, Plaintiffs aver that Defendant's argument must also fail because "all that is before the Court is a proposal, not a change in [Defendant's] law . . . ." (Pls.' Reply 5:17-20.) The reconstructed version of Defendant's Ordinance put forth in its Brief is nothing more than a suggestion by Defendant's attorneys, as it has not been approved by Defendant's City Council. As the Court does not have the independent power to rewrite a statute "so as to make it conform to a presumed intention which is not expressed," the Court cannot accept Defendant's reconstructed version of the spontaneous speech provision.

Thus, the Court concludes that Defendant has not shown that the Ordinance would have been adopted even with the knowledge that the regulations for dealing with spontaneous events would have been declared unconstitutional in the future. *See Cal. Teachers Ass'n. v. Governing Bd. of Rialto Unified Sch. Dist.*, 927 P.2d 1175, 1177 (Cal. 1997). Accordingly, the Court finds that the Spontaneous Speech Provision has not been shown to be severable.

### 2. Hold-Harmless Provision

Plaintiffs concur with Defendant that the Hold-Harmless Provision, § 5.60.080(A), is grammatically severable. (Pls.' Brief 6:4-5.) Moreover, Plaintiffs do not object to the removal of the provision from the Ordinance, as Defendant proposes to do by entirely eliminating §5.60.080(A) from the Ordinance. (Pls.' Brief 6:5-6.) However, Plaintiffs argue that Defendant has not proven volitional severability. The Court agrees that Defendant has not proven that Defendant would have adopted the Ordinance, despite the excision of the Hold-Harmless provision. Defendant argues that it "did not enact the . . . Ordinance for the sole purpose of obtaining indemnification." (Def.'s Reply 4:2-3.) It is immaterial whether the financial responsibility was the *sole* purpose for adopting the Ordinance. Rather, what is relevant is whether Defendant would have adopted the Ordinance even in the absence of this provision. *See Legislature of the State of Cal.*, 816 P.2d at 1335; *see also Calfarm Ins. Co.*, 771 P.2d at 1256. The Court concludes that the Hold-Harmless Provision has not been shown to be severable.

As Plaintiffs note, Defendant previously included a similar hold-harmless provision, to no avail, in another ordinance, thus suggesting that the provision was material to Defendant. (*See* Pls.' Brief 5:17-26; *see also Long Beach Lesbian & Gay Pride, Inc.*, 17 Cal. Rptr. 2d at 868.) Defendant contends that while financial responsibility is one of the reasons the Ordinance was adopted, it is not the only reason for the Ordinance, and moreover, it can be accomplished through other provisions in the Ordinance. (Def.'s Reply 4:9-16.)

However, Defendant's argument is not persuasive because the financial protection afforded to Defendant through a hold-harmless provision is fundamentally different than the type provided by the insurance requirement in § 5.60.080(B) and the departmental services charges provision, § 5.60.090. Specifically, § 5.60.080(B) makes insurance a condition precedent to the receiving of a permit, while § 5.60.080(A) attempts to totally shield Defendant, its officers, employees, and agents from any and all claims, liability, or expenses that may result from an event. Additionally, the department services charges provision is intended to deal with reimbursement of Defendant for all "city departmental services charges incurred in connection with or due to the permittee's activities under the permit . . . ." (Def.'s Brief 11:21-22.) As all three provisions attempt to protect Defendant from potential distinct financial obligations resulting from a permitted activity, the Court cannot accept Defendant's contention that Defendant has shown it would have adopted the Ordinance in the absence of the Hold-Harmless Provision.

Accordingly, the Court finds that there is no evidence before the Court of volitional severability.

### 3.  Fee Waiver Provisions

The Ninth Circuit held that both § 5.60.050(A) and § 5.60.090(A) are unconstitutional as they provide Defendant's City Council with unbridled discretion to waive the permit application fee, as well as any departmental services charges. *Long Beach Peace Network*, 574 F.3d at 1044. Defendant attempts to save the provisions by excising one clause in each provision, and retaining the remainder. (Def.'s Brief 11:13-25.) While it is undisputed that the provisions may be grammatically severable, Plaintiffs aver that Defendant's proposed revisions are insufficient to "cure the unconstitutional effect of the provision[s]," as the City Council "still reserves the right to

7

1  authorize a permit on any terms it wants, including, ostensibly, by 'fund[ing] or waiv[ing] fees' and departmental services charges by council vote." (Pls.' Reply Brief 7:13-21.)  The Court need not determine if Plaintiffs' argument is meritorious, as the Court cannot accept Defendant's proposed revision of the fee waiver provisions as constituting a "completely operative expression of the legislative intent . . . ."  *Calfarm Ins. Co.*, 771 P.2d at 1256.

Accordingly, the Court finds that it has not been shown that the Fee Waiver Provisions are volitionally severable from the Ordinance.

### 4. Special Events Provision

Defendant argues that the portions of the Special Events Provision rendered void by the Ninth Circuit are mechanically severable from the remainder of the Ordinance, as it is "contained in a single paragraph." (Def.'s Brief 6:19-20.)  Moreover, "the remaining [O]rdinance is complete in itself and . . . would have been adopted by the legislative body had the latter foreseen the partial invalidation of the statute." (Def.'s Brief 7:13-15, *citing Santa Barbara Sch. Dist.*, 530 P.2d at 613.)  Plaintiffs did not challenge the severability of this provision in their initial Brief, yet stated an opposition to the severability of this provision in their Reply. (Pls.' Reply 2:26-28.)  However, the Court concludes that the issue of whether this provision is severable is moot in light of the fact that the entire Ordinance "becomes a nullity," *Santa Barbara Sch. Dist.*, 13 Cal. 3d at 617, as a result of the Court's findings regarding the severability of the other three provisions.  Accordingly, the Court declines to address the issue.

### III. RULING

For the foregoing reasons, the Court concludes that it has not been shown that the provisions declared unconstitutional by the Ninth Circuit are severable from the remainder of the Ordinance.  Accordingly, the Court concludes that the Ordinance is invalid.

IT IS SO ORDERED.

Dated: April 1, 2010

*S. James Otero*

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE